COPE, J.
 

 Raed Aldin appeals his convictions for burglary and theft. He argues that evidence was seized from his car in violation of the Fourth Amendment and should not have been introduced at his trial. We conclude that this argument is well taken.
 

 A burglary occurred at a residence in Miami Beach. A cellphone was stolen along with jewelry and other items. At the request of the lead detective, the cellphone was left activated so that the police could try to track any subsequent usage.
 

 The police learned that a call had been made from the stolen cellphone to an individual named Mohammed Samad. Upon speaking with Samad, the detective obtained the name and address of defendant-appellant Aldin.
 

 The defendant resided in an apartment behind a home in the City of Miami. The police placed the defendant’s residence under surveillance. At about 1 a.m., the defendant arrived in his van, and parked on the street in front of the residence. The detective and other officers approached for a consensual encounter. The detective informed the defendant that he was investigating a stolen cellphone. The defendant agreed to speak with him. The
 
 *70
 
 detective administered Miranda
 
 [1]
 
 warnings.
 

 The detective advised the defendant that the police had information that he had made calls from a stolen cellphone. According to the detective, the defendant said, “Yes, I know what phone you are talking about. And I have that phone.” He told the detective that the phone was inside his apartment.
 

 The detective asked if the officers could go inside to retrieve the cellphone, and the defendant said yes. The defendant let the officers into the apartment, retrieved the cellphone from underneath a loaf of bread, and gave it to the detective.
 

 While inside the apartment, the detective noticed several items that had been reported as stolen. The detective asked the defendant what items in the apartment were stolen. The defendant replied that it would be easier to ask him what in the apartment was not stolen.
 

 The defendant was arrested and taken to the police station. The detective again administered
 
 Miranda
 
 rights, which the defendant waived.
 

 The defendant signed a form consenting to the search of his residence, but not his vehicle. There was a clause on the consent form authorizing the police to search his automobile. The defendant crossed out the paragraph on the form which authorized the automobile search.
 

 The police returned to the apartment and conducted a search. The defendant’s van was towed to the police station and was searched there. The officers found tool boxes and work gloves.
 

 Prior to trial, the defendant moved to suppress the evidence taken from the apartment and the car. The motion was denied, and the evidence was introduced at trial. The defendant was convicted of burglary and grand theft as charged. He has appealed.
 

 The defendant contends that the trial court erred in denying the motion to suppress the items taken from his van.
 
 [2]
 
 We agree.
 

 The defendant’s interrogation at the police station began at 2:05 a.m. and concluded around 6:00 a.m. The defendant signed a form consenting to a search of his apartment, but did not consent to a search of the van.
 

 The officers arranged for the van to be towed to the police station. According to the testimony, the police did so because the defendant had admitted in his statement to the detectives that he had used the van to commit the crimes. At the station the van was opened and the contents were photographed. The items seized included a pair of gloves and some tool boxes.
 

 Because there was no consent and no search warrant, the question is whether the search may be upheld under an exception to the warrant requirement. The State contends that the search in this case qualifies as a plain view search. The State argues that the gloves and tool boxes could be seen through the windows of the van, and accordingly it was permissible to enter the van to seize the evidence. The State is incorrect.
 

 The Florida Supreme Court has explained:
 

 [A] warrantless seizure of evidence found in plain view is admissible if at the
 
 *71
 
 time of the search: (1) the seizing officer was legitimately in a place where the object could be plainly viewed; (2) the incriminating nature of the seized object was immediately apparent to the police officer; and (3) the seizing officer had a lawful right of access to the object itself. With regard to the third requirement, the [High] Court explained that the seizing officer may lawfully seize an incriminating object if the officer has probable cause prior to the seizure and it was discovered within the parameters of a validly executed search warrant or one of the exceptions to the [Fourth Amendment’s general] warrant [requirement].
 

 Lynch v. State,
 
 2 So.3d 47, 67 (Fla.2008) (citation omitted) (brackets in original) (quoting
 
 Rimmer v. State,
 
 825 So.2d 304, 313 (Fla.2002)). Thus the fact that the officers could see the items through the windows did not provide an independent basis for entry into the van.
 

 The State also argues that the search is a permissible automobile search. Under the circumstances of this case, we disagree.
 

 In
 
 Arizona v. Gant,
 
 — U.S. —, 129 S.Ct. 1710,173 L.Ed.2d 485 (2009), the United States Supreme Court clarified when the police may conduct a search of a vehicle incident to an arrest of the driver or a passenger. The Court stated:
 

 Police may search a vehicle incident to a recent occupant’s arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arres-tee’s vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.
 

 Id.
 
 at 1723-24,129 S.Ct. 1710.
 
 [3]
 

 The encounter with the defendant in this case began at 1:00 a.m., followed by arrest and transportation to the police station. The defendant denied consent to search the van at 6:00 a.m. The van was later towed away and searched. The search of the van cannot be considered a search incident to a recent occupant’s arrest. Under
 
 Gant,
 
 the search was uni'easonable.
 
 Id. See generally
 
 Phillip A. Hubbart,
 
 Making Sense of Search and Seizure Law
 
 263-64 (2005).
 

 The State argues that the evidence is admissible under the inevitable discovery rule. That rule is applicable “where it can be shown that, had the evidence in question not been obtained by the challenged police conduct, it ‘ultimately or inevitably would have been discovered by lawful means.’ ”
 
 Craig v. State,
 
 510 So.2d 857, 862 (Fla.1987). The State has not demonstrated how the evidence would have inevitably been discovered.
 

 The State argues alternatively that the failure to grant the motion to suppress evidence was harmless error. To establish harmless error, we must be satisfied that the error was harmless beyond a reasonable doubt.
 
 State v. DiGuilio,
 
 491 So.2d 1129, 1139 (Fla.1986). In this case the defendant took the stand at trial and denied making the incriminating statements attributed to him. He stated that the property in the apartment had been brought there by his friend Mohammed Samad, including the cellphone.
 

 In response to the defendant’s testimony, the State argued that the gloves which had been found in the van corroborated
 
 *72
 
 the detective’s testimony that the defendant had confessed. The detective had testified that the defendant told him he committed the burglary while wearing gloves. The State argued that the gloves were physical evidence which corroborated the detective’s testimony.
 

 During jury deliberations, the jury sent out a note at one point stating that it was deadlocked 4-2, but eventually voted to convict. In light of the other evidence in the case, we are unable to say that the error is harmless beyond a reasonable doubt.
 

 Turning to the remaining issues in the ease, the defendant argues that the trial court erred by allowing the detective to testify that, in answer to the question, “What items in your apartment are stolen?”, the defendant said that it would have been easier if the detective asked him what items were not stolen. The defendant maintains that allowing this testimony suggested that the defendant was involved in more crimes than the charged crime. We see no abuse of discretion in the trial court’s ruling. The detective testified about what the defendant himself said, and the statement is in the nature of inseparable crimes evidence.
 
 See Wright v. State,
 
 19 So.3d 277, 292 (Fla. 2009) (inseparable crime “evidence is admissible because it is a
 
 relevant
 
 and
 
 interwoven
 
 part of the conduct that is at issue.”). The defense has not cited any authority which would require the editing of the defendant’s own statement in this context.
 

 The defense also contends that the trial court should have excluded some of the photographs taken at the defendant’s apartment. During the consent search, the State collected the items which they believed to be stolen and took photographs. Eventually the police connected these items to a total of seventeen burglaries in Miami Beach. However, this particular case was tried separately.
 

 The defendant requested exclusion of several of the photographs on the ground that the pictures included objects that had been taken in other burglaries, not this burglary. During the trial, the court sustained the objection to one photo, and overruled the objection to the remaining photos. Each photo included one or more objects that had been stolen from the victim, and there was no duplication. We see no abuse of discretion in allowing the photographs into evidence so that the victim could identify the stolen items. If on remand there is a practical way to mask the photographs so as to limit each photo to items of property owned by the victim in this case, the defendant may make such a request.
 

 We affirm as to the claimed Richardson
 
 [4]
 
 error without comment.
 

 Affirmed in part, reversed in part, and remanded for a new trial.
 

 [1]
 

 .
 
 Miranda v. Arizona,
 
 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
 

 [2]
 

 . The defendant does not challenge that part of the suppression order which denied the motion to suppress the evidence obtained from the apartment.
 

 [3]
 

 . These rules are a narrowing construction of the Court’s earlier decision in
 
 New York v. Belton,
 
 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
 

 [4]
 

 .
 
 Richardson v. State,
 
 246 So.2d 771 (Fla. 1971).